STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: D.T. and D.T., III**

**No. 12-1268** (Harrison County 10-JA-88 & 89)

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Julie N. Garvin, from the Circuit Court of Harrison County which ordered permanent placement of the children with their biological father, entered on October 2, 2012. The guardian ad litem for the children, Terri L. Tichenor, has filed a response not contesting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has filed a response supporting the circuit court's order. The children's biological father, by counsel Vanessa A. Welch, has filed a response requesting continued placement of his children with him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2010, the DHHR filed the initial petition of the abuse and neglect proceedings below. The petition contained allegations of the parents' domestic violence in the children's presence, as well as Petitioner Mother's intoxication in the children's presence. The DHHR later filed an amended petition to include other incidents in which the children were exposed to their parents' domestic violence and Petitioner Mother's substance abuse. Throughout the course of these proceedings, the circuit court granted both parents improvement periods and extensions to these improvement periods. After the final hearing, the circuit court found that Petitioner Mother continued to test positive for drugs or produce diluted drug test results, continued to deny her drug problems, and, overall, failed to progress in her improvement period. By its order entered in October of 2012, the circuit court dismissed the father from the petition. Under this same order, it did not terminate Petitioner Mother's parental rights, but placed the children in their father's care and custody under West Virginia Code § 49-6-5(a)(5). It is from this order that Petitioner Mother appeals.

Petitioner Mother first argues that the circuit court erred in ordering a disposition under West Virginia Code § 49-6-5(a)(5) when she showed by clear and convincing evidence that she was presently willing and able to provide adequately for the children's needs with the assistance and continued terms of supervision. Second, Petitioner Mother argues that the circuit court erred in requiring her to perform additional services and treatment prior to petitioning the circuit court to modify the alternative disposition. Petitioner Mother argues that the circuit court should have

1

granted her an alternative disposition under West Virginia Code § 49-6-5(a)(4) in order for her to continue services and treatment. The children's guardian ad litem, the children's father, and the DHHR all respond and argue either in support of the circuit court's order or without contest to the circuit court's order. All respondents highlight that, despite over a year and a half of improvement periods, Petitioner Mother failed to make any meaningful changes. All of the respondents assert that, throughout the case, Petitioner Mother continued to test positive for drugs, evaded calls from her caseworkers to submit to random drug screens, and never acknowledged her issues with substance abuse. The children's guardian ad litem argues that Petitioner Mother presented herself consistently as the victim and failed to gain the necessary skills or judgment from her services. The DHHR asserts that the circuit court was merciful to Petitioner Mother in affording her the alternative disposition under West Virginia Code § 49-6-5(a)(5) rather than terminating her parental rights to the subject children.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error with the circuit court's decision to permanently place the children with their biological father under West Virginia Code § 49-6-5(a)(5), rather than order an alternative disposition under West Virginia Code § 49-6-5(a)(4). A review of the record, particularly the transcript for the July 18, 2012, hearing, reflects that Petitioner Mother failed to show improvement throughout this case. For instance, Denise Wagner of Well Tree testified of a visit she supervised between Petitioner Mother and her children in March of 2012. Ms. Wagner testified that Petitioner Mother appeared lethargic and spoke with slurred speech. Ms. Wagner further testified that, by the end of the three-hour visit, Petitioner Mother's condition worsened and Petitioner Mother began nodding off to sleep. Pursuant to West Virginia Code § 49-6-5(a), circuit courts are directed to adhere to the provided sequence in determining dispositions and, if it proceeds under subsection (5), shall state its findings to support this determination as outlined in West Virginia Code §§ 49-6-5(a)(5)(A) through (D). Our review indicates that the circuit court was presented with sufficient evidence upon which it determined that the children's placement with the father, without termination of Petitioner Mother's parental rights, would be in the children's best interests and appropriate under the circumstances.

For the foregoing reasons, we affirm the circuit court's decision ordering permanent placement of the children with their father pursuant to West Virginia Code § 49-6-5(a)(5).

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II